IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL NO. 1:22cr58LG-RHWR

PATRICK DARNELL DANIELS, JR.

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW the defendant, PATRICK DARNELL DANIELS, JR., and submits this memorandum in support of his motion to dismiss the Indictment.

I.  Statement of Facts.

At approximately 4:30 p.m. on April 25, 2022, law enforcement officers conducted a traffic stop on a 2004 Ford F-150 pickup truck that did not have a license tag displayed. The defendant, Patrick Daniels (Daniels) provided the officers with a suspended Mississippi driver's license. While talking with Daniels, the officer smelled the odor of marijuana. Daniels was asked to exit the vehicle. Officers conducted a probable cause search of the vehicle. The officers found two firearms and "multiple" partially burned marijuana "blunts."

Daniels was advised of his Miranda rights. Daniels waived his rights and cooperated with the officers. Daniels advised that he has used marijuana since graduating from high school and uses marijuana approximately fourteen days out of a month. Daniels further advised that he was not aware that it was illegal for a marijuana user to possess a firearm.

Daniels was questioned about the two firearms. Daniels advised that the handgun was a Father's Day gift and the rifle belonged to a friend that was killed in a 2021 New Years Eve shooting in Gulfport, MS. When asked why he had the firearms in his vehicle, Daniels advised

that he waw homeless and living out of his truck.

    II.    <u>Law and Analysis</u>.

18 U.S.C. §922(g)(3) is a facially unconstitutional restriction on a person's Second Amendment right to bear arms. In <u>Heller</u>, the Supreme Court adopted an individual-rights theory of the Second Amendment based on its text and the role in our country's early history. <u>District of Columbia v. Heller</u>, 554 U.S. 570, 605 (2008). In striking down a ban on handguns in the home, the Court held that the right to keep and bear arms for defense of self and home struck at the core of the Second Amendment. <u>Id.</u> at 629-30. The Court reiterated this view two years later in <u>McDonald v. City of Chicago</u>, emphasizing that a person's right to bear arms for self-defense is a "fundamental right [] necessary to our system of ordered liberty." 561 U.S. 742, 778 (2010).

The Court has again provided guidance in analyzing those laws that impinge on an individuals Second Amendment right to bear arms. <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, No. 20-843, 2022 WL 2251305, (S.Ct., June 23, 2022). In the years since <u>Heller</u> and <u>McDonald</u>, "Courts of Appeals have coalesced around a 'two-step' framework for analyzing Second Amendment challenges that combines history with means-end scrutiny." <u>Id.</u> at *7; *see* <u>National Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives</u>, 700 f. 3d 106 (5th Cir. 2012). The Court has rejected this two-step approach. <u>Id.</u> at *8. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." <u>Id.</u> The government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the

individual's conduct falls outside the Second Amendment's 'unqualified command.'" Id. at *8, citing Kongsberg v. State Bar of Cal., 366 U.S. 36, 50 (1961). "The government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." Bruen at *9. Bruen abrogates the means-end scrutiny used in the Fifth Circuit. The government cannot prove that 18 U.S.C. §922(g)(3) is lawful restriction on gun ownership based on text, history, and tradition. 18 U.S.C. §922(g)(3) is therefore unconstitutional.

Respectfully submitted this, the 1st day of July, 2022.

OMODARE B. JUPITER
Federal Public Defender

By: /S/John W. Weber III
John W. Weber III (MB# 101020)
Assistant Federal Public Defender
Southern District of Mississippi
2510 14th Street, Suite 902
Gulfport, MS   39501
Phone: (228) 865-1202
Fax:    (228) 867-1907
Email: john_weber@fd.org
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John W. Weber III, do hereby certify that I have this day electronically filed the foregoing Memorandum with the Clerk of the Court using the ECF system which sent notification of such filing to the Assistant United States Attorney Erica Rose.

This the 1st day of July, 2022.

/s/John W. Weber III
John W. Weber III
Assistant Federal Public Defender